**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL DAVIS, *Plaintiff-Appellee*, v. HOLLINS LAW, a Professional Corporation, *Defendant-Appellant.* | No. 14-16437 D.C. No. 2:12-cv-03107-LKK-AC OPINION |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Argued and Submitted May 12, 2016
San Francisco, California

Filed August 8, 2016

Before: Stephen S. Trott, Sandra S. Ikuta,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Ikuta

# SUMMARY[*]

## Fair Debt Collection Practices Act

The panel reversed the district court's judgment, after a bench trial, in favor of the plaintiff on a claim under the Fair Debt Collection Practices Act.

The panel held that the defendant's communication was sufficient in context to disclose to the least sophisticated debtor that it was from a debt collector, and therefore did not violate 15 U.S.C. § 1692e(11).

# COUNSEL

Kathleen Mary Kushi Carter (argued)  and Tamara M. Heathcote, Hollins Law, Irvine, California, for Defendant-Appellant.

Aaron D. Radbil (argued), Greenwald Davidson Radbil PLLC, Austin, Texas; Ryan S. Lee, Krohn & Moss, LTD, Los Angeles, California; Matthew A. Rosenthal, Westgate Law, Los Angeles, California; for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**OPINION**

IKUTA, Circuit Judge:

Hollins Law, a law firm and debt collection agency, is subject to the Fair Debt Collection Practices Act (FDCPA), which among other things requires debt collectors "to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11). Today we hold that if a subsequent communication is sufficient to disclose to the least sophisticated debtor that the communication was from a debt collector, there is no violation of § 1692e(11) even if the debt collector did not expressly state, "this communication is from a debt collector." Accordingly, Hollins Law did not violate § 1692e(11) here.

I

We begin by describing the legal background. The FDCPA, 15 U.S.C. §§ 1692–1692p, comprehensively regulates debt collectors. *Tourgeman v. Collins Financial Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014). Its remedial purpose is to prevent debt collection actions that frustrate consumers' ability to chart a course of action in response to a collection effort. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010). Section 1692e precludes a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily

for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id*. § 1692a(5). Section 1692e provides a nonexclusive list of 16 collection practices that violate the FDCPA. At issue here is § 1692e(11), which provides:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

To determine whether a debt collector is liable for a violation of § 1692e, we apply an objective standard that "takes into account whether the least sophisticated debtor would likely be misled by a communication." *Tourgeman*, 755 F.3d at 1119 (internal quotation marks omitted). We have defined the "least sophisticated debtor" standard as "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id*. (internal quotation marks omitted). Even though the "least sophisticated debtor may be uninformed, naive, and gullible," the debtor's "interpretation of a collection notice cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1027 (9th Cir. 2012). Courts "have carefully preserved the concept of reasonableness" and have

presumed that debtors have "a basic level of understanding and willingness to read [the relevant documents] with care" in order to safeguard bill collectors from liability for consumers' "bizarre or idiosyncratic interpretations of collection notices." *Id*. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993) and *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3rd Cir. 2008)).

We have also held that any error in a debt collectors' communications must be material in order to be actionable under § 1692e. *Donohue*, 592 F.3d at 1033. Immaterial errors, by definition, would not frustrate a debtor's ability to intelligently choose an appropriate response to a collection effort. *See Tourgeman*, 755 F.3d at 1119. For instance, in *Donohue*, a debt collector's statement to a consumer accurately stated the total amount owed, "but the label for at least one of the two sums comprising the total debt was technically incorrect" in that it labeled that amount "12% interest" when it actually included both interest and pre-assignment finance charges. *Donohue*, 592 F.3d at 1034. We held that the misstatement was not a materially false characterization of the debt "and hence not actionable" under § 1692e. *Id*. In sum, mere technical errors that deceive no one do not give rise to liability under the FDCPA. *See Tourgeman*, 755 F.3d at 1119.

## II

We now turn to the facts of this case. In 2009, Michael Davis obtained an American Express TrueEarnings Business

Card at Costco.[1]  In order to qualify for a business card, Davis filled in the credit card application with information about his wife's real estate practice, even though his wife had stopped working in real estate the previous year.  He subsequently used the card to purchase a number of personal items at Costco, including groceries, gas, and a 65-inch television. Neither Davis nor his wife ever used the card for business purposes.

Davis failed to pay the balance on the American Express card and his debt was referred to Hollins Law, a law firm and debt collection agency.  Hollins Law used case management software to track calendar entries, employee emails, employee notes, and other records, as well as to generate reports, including a report detailing Hollins Law's communications with Davis.  The firm's first contact with Davis was on July 23, 2012, when Maggie Higgins, a Hollins Law employee, called Davis and spoke to him by telephone. According to the report, Davis told Higgins to communicate with a debt settlement firm that he had retained to negotiate on his behalf, and that he would call back the following day with the settlement firm's contact information.  Hollins Law required its debt collectors to identify both the nature of the call and to identify the law firm as a debt collector, and Davis does not allege Higgins failed to do so.

Davis did not call back with the information he had promised, so on July 25, 2012, Higgins called Davis again and reached Davis's wife, who provided Higgins with the name and contact information for their debt settlement firm.

---

[1] Unless otherwise specified, the following facts were either found by the district court or undisputed at trial.

Over the next few weeks, Higgins communicated exclusively with the debt settlement firm. The call records demonstrate that Higgins made multiple attempts to reach Davis's representative at the firm during that time. On August 29, 2012, Davis's case was assigned to a different Hollins Law employee, Gregory Daulton, who continued to leave multiple voicemail messages for different representatives at the debt settlement firm.

On September 10, 2012, Daulton emailed Davis to thank him for a telephone inquiry about settling the credit card debt. Daulton's email asked Davis to detail the amount of the settlement offer and the date it would be paid, as well as information regarding Davis's monthly income and expenses. Davis responded by email that same day and offered to settle the debt for roughly 30 percent of the total due. Davis's email explained: "I am in a similar situation with two additional credit cards both with higher dollar amounts. . . . [M]y goal is to settle the bad debt for all three credit cards and this is where I get the 30% number." Daulton emailed a reply to Davis's message, stating that he would forward the information to the creditor.

The next day, September 11, Daulton emailed Davis with a second request to specify the amount of his settlement offer. Davis responded via email: "Actually I don't even know the total due on the AMEX account. Can you provide me the number?" Daulton responded to the inquiry by attaching a report to a reply email.

On September 17, Davis sent Daulton an email asking for a status report on the creditor's response to his settlement offer. Daulton sent an email reply, stating: "No update. This is a low offer. Possibly they are dealing with the larger

percentage offers first, but I'm not sure." The email also stated that Daulton would advise Davis about any updates he received.

Hollins Law's records show that on September 25, Daulton left the following voicemail message for Davis: "Hello, this is a call for Michael Davis from Gregory at Hollins Law. Please call sir, it is important, my number is 866-513-5033. Thank You."[2] In the voicemail message, Daulton did not state that Hollins Law was a debt collector. However, Davis later admitted in response to a discovery request that: "Upon hearing the voice message, . . . Plaintiff understood that it was from a debt collector by combining the message itself with Plaintiff's prior knowledge that Defendant was a debt collector."

After September 25, Davis and Daulton exchanged eleven additional emails from October 4 to October 12. In those emails, Daulton informed Davis that his initial settlement offer had been declined and that Hollins Law would move forward with legal action. At one point, Davis hired debt consolidation attorneys to represent him, but then fired the attorneys and told Daulton to "feel free to deal with [him] directly." By October 12 (the last email in the record), the two parties had still not reached an agreement to settle the debt.

---

[2] The evidence in the record establishes that Daulton left the voicemail message for Davis on September 25, 2012. Although Davis submitted an affidavit in support of a summary judgment motion stating that he had received Daulton's voicemail message on August 29, 2012, Davis admitted at trial that he did not actually recall when he had received the voicemail, and did not know whether August 29th was the correct date. On appeal, Davis concedes that he received Daulton's call in September.

On December 28, 2012, Davis filed suit against Hollins Law, alleging a violation of the FDCPA.[3] In his complaint, Davis stated that Hollins Law was "attempting to collect a debt" on behalf of American Express and that by leaving the September 25th voicemail message, Hollins Law violated the FDCPA by (among other things) "failing to disclose in subsequent communications that the communication was from a debt collector" in violation of § 1692e(11).

Davis and Hollins Law filed cross motions for summary judgment, which the district court denied. The court held a bench trial on April 15, 2014, and ruled in favor of Davis. The court held that the debt at issue was consumer debt because the credit card was "primarily used for household purposes" even though Davis had applied for a business credit card. Therefore the FDCPA (which applies only to consumer debt) was applicable to communications from Hollins Law to Davis. Further, the court held that because Daulton's voicemail message failed to disclose that "the communication is from a debt collector," it technically violated § 1692(e)(11), which imposes liability for the "failure to disclose in subsequent communications that the communication is from a debt collector." Although the court recognized that the violation was "clearly de minimis," it proceeded to enter judgment in favor of Davis on June 24, 2014.

---

[3] Davis also alleged that Hollins Law violated the Rosenthal Fair Debt Collection Practices Act (RFDCPA), which is the California state equivalent of the FDCPA. *See* Cal. Civ. Code § 1788 et. seq. The applicable provision of the RFDCPA states that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j" of the FDCPA. Cal. Civ. Code § 1788.17. Because the state law claim is derivative of the federal claim, we do not address it separately.

Hollins Law timely appealed the district court's judgment and raises multiple arguments on appeal.[4] The district court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. When reviewing a district court's ruling following a bench trial, we review questions of law de novo and findings of fact for clear error. *Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1024 (9th Cir. 1999).

III

We begin by considering whether, assuming without deciding that the amount due on the American Express card was a "debt" for purposes of the FDCPA, Daulton's voicemail message on September 25, 2012, violated the FDCPA's prohibition on the "failure to disclose in subsequent communications that the communication is from a debt collector." *See* 15 U.S.C. § 1692(e)(11).

We first apply an objective standard that takes into account whether Daulton's voicemail message would be sufficient to disclose to the least sophisticated debtor that the call was on behalf of a debt collector. *See Tourgeman*, 755 F.3d at 1119. In applying this standard, we presume that the debtor has a basic level of understanding, which does not

---

[4] Hollins Law argues the following: (1) Davis incurred his debt on a business credit card, so the district court erred by concluding that the debt was a consumer debt covered by the FDCPA; (2) even if Davis's debt is covered by the FDCPA, Hollins Law met its disclosure obligations under 15 U.S.C. § 1692e(11); (3) Daulton's voicemail is not a "communication" under the FDCPA because it did not reference the debt; (4) the district court erred by misapplying the burden of proof on Davis's FDCPA claim; and (5) the district court abused its discretion by precluding the presentation of Hollins Law's "bona fide error" defense at trial.

include "bizarre or idiosyncratic interpretations" of the communication at issue. *Evon*, 688 F.3d at 1027. We also must avoid taking a hypertechnical approach. *See Tourgeman*, 755 F.3d at 1119.

Before Daulton's September 25 voicemail message, Davis and Daulton had been involved in settlement negotiations for about a two week period. Davis had made a "telephone inquiry" to Daulton and had exchanged eight emails with him. At the time Daulton left the voicemail for Davis on September 25, Davis had a pending settlement offer to settle the debt for 30 percent of the total due and had asked Daulton for a status report regarding the creditor's response. In the voicemail in question, Daulton identified himself as "Gregory at Hollins Law."

We conclude, given the extent of the prior communications, that the voicemail message's statement that the call was from "Gregory at Hollins Law" was sufficient to disclose to a debtor with a basic level of understanding that the communication at issue was "from a debt collector,"[5] 15 U.S.C. § 1692e(11). Indeed, any other interpretation of Daulton's voicemail message would be "bizarre or idiosyncratic." *Evon*, 688 F.3d at 1027 (quoting *Campuzano-Burgos*, 550 F.3d at 298). Given the context, the call was not "false, deceptive, or misleading," 15 U.S.C. § 1692e, and would not frustrate consumers' ability to intelligently chart a course of action in response to a collection effort, *see Donohue*, 592 F.3d at 1034. Although Daulton's voicemail message did not expressly state that Hollins Law is "a debt collector," § 1692e(11) does not require a subsequent

---

[5] Indeed, Davis admits he did know this, by "combining the message itself with [his] prior knowledge that [Hollins Law] was a debt collector."

communication from the debt collector to use any specific language so long as it is sufficient to disclose that the communication is from a debt collector, as it was here. *See Tourgeman*, 755 F.3d at 1119.[6]

Because Daulton's September 25th voicemail message was sufficient to disclose to the least sophisticated debtor that the communication at issue was "from a debt collector," Hollins Law did not violate § 1692e(11) in its communications with Davis, and the district court erred in so holding.[7]

**REVERSED**.

---

[6] Davis cites a number of district court decisions establishing a per se rule that a debt collector violates § 1692e(11) unless it expressly states that it is a debt collector in every subsequent communication. *See Forkum v. Co-Operative Adjustment Bureau, Inc.*, 44 F. Supp. 3d 959, 963 (N.D. Cal. 2014); *Pasquale v. Law Offices of Nelson & Kennard*, 940 F. Supp. 2d 1151, 1158 (N.D. Cal. 2013); *Savage v. NIC, Inc.*, 2009 WL 2259726, at *5–6 (D. Ariz. July 28, 2009). Because the FDCPA does not require such a hypertechnical approach, we disapprove these decisions to the extent they are contrary to our decision here.

[7] Because we decide Hollins Law's appeal on this ground, we do not reach Hollins Law's other arguments.