**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORENA BURGESS, | No. 17-55408 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01463-DSF-FFM |
| v. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC; PRA GROUP, INC., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted June 5, 2018[**]
Pasadena, California

Before: FERNANDEZ and CHRISTEN, Circuit Judges, and BENNETT,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

Plaintiff-Appellant Norena Burgess appeals a district court order entering summary judgment in favor of Defendants-Appellees Portfolio Recovery Associates, LLC and PRA Group, Inc. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 773 (9th Cir. 2018). We affirm.[1]

1. We affirm summary judgment on Burgess's claim for a violation of the Fair Debt Collection Practices Act's (FDCPA) ban on harassment or abuse in connection with the collection of a debt. 15 U.S.C. § 1692d. Under the FDCPA, "[t]he term 'debt' means any obligation . . . of a consumer to pay money arising out of a transaction in which the [subject of the transaction is] primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). Here, Burgess points to no evidence that the linked accounts are debts within the meaning of the FDCPA, so calls made in connection with those accounts cannot support liability under § 1692d on this record. *See* 15 U.S.C. § 1692d (banning harassment or abuse "in connection with the collection of a debt"). Viewing the facts in the light most favorable to Burgess, she has evidence of a single call in connection with a debt, placed roughly two years after she told Defendants she

---

[1] Because we conclude that summary judgment was proper on both claims Burgess pursues on appeal, we need not address PRA Group's alternative argument that it is not a "debt collector" subject to liability under the FDCPA.

could not pay. She cites no authority suggesting that such a call is unlawful under § 1692d.

2.      We also affirm summary judgment on Burgess's claim for a violation of the FDCPA's ban on false or misleading representations. 15 U.S.C. § 1692e. Applying the "least sophisticated debtor" standard, we conclude that the dunning letter Burgess received was not unlawfully misleading for four reasons. *See Davis v. Hollins Law*, 832 F.3d 962, 964 (9th Cir. 2016). First, the dunning letter did not contain implied threats of litigation or an indication that the debt was legally enforceable. The letter Burgess received adequately disclosed that the debt was time-barred. Second, the letter's offer to pay the debt at a discount was not illusory because Burgess may have been able to benefit by eliminating a delinquent account from her credit report. Third, Burgess cites nothing to suggest that enrolling in *LifeCents* revives the statute of limitations in whole or part. Finally, the "least sophisticated debtor" is presumed to read documents with care, *Davis*, 832 F.3d at 964, so we reject Burgess's attempt to fault Defendants for the fact that she tore the dunning letter inadvertently.

**AFFIRMED.**