NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID TOURGEMAN,

            Plaintiff-Appellant,

 v.

NELSON & KENNARD, a partnership,

            Defendant-Appellee,

 and

COLLINS FINANCIAL SERVICES, INC.,
DBA Precision Recovery Analytics, Inc., a
Texas corporation; COLLINS FINANCIAL
SERVICES USA, INC.; PARAGON WAY,
INC.; DELL FINANCIAL SERVICES, LP,

            Defendants.

No.   16-56190

D.C. No.
3:08-cv-01392-CAB-NLS

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted June 7, 2018
Pasadena, California

Before:  TALLMAN and NGUYEN, Circuit Judges, and BENNETT,** District

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The Honorable Mark W. Bennett, United States District Judge for the

Judge.

David Tourgeman appeals the district court's dismissal of his action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Nelson & Kennard argues that we lack appellate jurisdiction under three theories. We reject each in turn. First, the judgment is a final decision under 28 U.S.C. § 1291, even though judgment was not entered against Collins Financial Services, Inc., Collins Financial Services USA, Inc., and Paragon Way, Inc. After effectively disposing of all letter-based claims and the complaint-based class claim, the district court dismissed Tourgeman's remaining individual claim against "all Defendants" with prejudice, and instructed the "Clerk of Court [to] terminate the case." As a practical matter, there was nothing left of Tourgeman's action, and the district court clearly understood that to be the case. *Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 845–46 (9th Cir. 2009).

Second, Tourgeman did not manufacture appellate jurisdiction. The district court dismissed the certified complaint-based class claim on the merits, and Tourgeman properly finalized his appeal by voluntarily dismissing his remaining individual claim with prejudice. *See Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1161 (9th Cir. 2002). Nelson & Kennard contends that *Microsoft Corp.*

Northern District of Iowa, sitting by designation.

*v. Baker*, 137 S. Ct. 1702 (2017), compels us to reach the opposite conclusion. We disagree. That case involved a tentative adverse certification ruling under Federal Rule of Civil Procedure 23, and is thus inapposite. *Id.* at 1712–15.

Third, Tourgeman did not moot his appeal by dismissing his individual claim. "[T]he fact of certification will preserve a class's standing even after the named individual representatives have lost the required 'personal stake[.]'" *LaDuke v. Nelson*, 762 F.2d 1318, 1325 (9th Cir. 1985) (citing *Sosna v. Iowa*, 419 U.S. 393, 399 (1975)). Here the class was certified. Tourgeman's appeal is not moot.

**2.** The district court correctly held that Tourgeman lacked Article III standing to bring his letter-based claims under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). An alleged harm based on letters that Tourgeman never received, saw, or even knew existed cannot satisfy Article III's concreteness requirement. *See id.* at 1548 (stressing that a "concrete" injury is "'real,' and not 'abstract,'" and "must be '*de facto*'; that is it must actually exist" (citations omitted)); *Bassett v. ABM Parking Servs. Inc.*, 883 F.3d 776, 783 (9th Cir. 2018).

Tourgeman asserts that there was a "risk of real harm" because it was only by chance that he did not receive the letters. *See Spokeo*, 136 S. Ct. at 1549. But this misconstrues *Spokeo*. To the extent there is a material risk of harm in this context, it is that inaccurate debt-related information will "frustrate consumers'

3

ability to chart a course of action in response to a collection effort," *Davis v. Hollins Law*, 832 F.3d 962, 963 (9th Cir. 2016) (citation omitted), even though that harm "may be difficult to prove or measure," *Spokeo*, 136 S. Ct. at 1549. Tourgeman's ability to respond to the collection letters was never undermined because he never saw them. *See Bassett*, 883 F.3d at 783. Because Tourgeman has merely "allege[d] a bare procedural violation, divorced from any concrete harm, [he has failed to] satisfy the injury-in-fact requirement of Article III." *Spokeo*, 136 S. Ct. at 1549 (citations omitted).[1]

Costs are awarded to the Appellee. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**

---

[1] In light of *Spokeo*, our prior holding that Tourgeman did have Article III standing to bring his letter-based claims in *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1116 (9th Cir. 2014), is no longer good law. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).